UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-72 |
| | ) | (VARLAN/SHIRLEY) |
| DAVID W. SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the government's Motion to Quash Subpoenas [Doc. 25] filed on September 3, 2009. The parties appeared before the undersigned on September 4, 2009, for a scheduled hearing on the Defendant's pending Motion to Suppress [Doc. 11]. Assistant United States Attorney Tracy Stone appeared on behalf of the government. Attorney A. Philip Lomonaco appeared on behalf of the Defendant, who was also present. At the scheduled suppression hearing, the Court took up the motion to quash.

The government contends in its motion that the Court lacked the authority to authorize the issuance of two subpoenas *duces tecum* that were served on Sgt. Beverly Roberts of the Anderson County Emergency Communications Office [Doc. 22] and on Chief James Shetterly of the Lake City Police Department [Doc. 24]. The government argues that the subpoenas were not properly issued pursuant to Fed. R. Crim. P. 17(c) because: (i) they were issued in response to an *ex parte* request;

1

(ii) they were issued without a finding that the Defendant had satisfied the four requirements for issuance of a subpoena *duces tecum* under Fed. R. Crim. P. 17 that were outlined in <u>United States v. Nixon</u>, 418 U.S. 683, 699-700 (1974); and (iii) they directed disclosure of designated materials to the private office of defense counsel rather than to the Court without requiring any subsequent disclosure to the government.

At the hearing, the Defendant stated that the only requested materials that had been produced were copies of audio recordings of dispatch transmissions between police officers and the dispatcher stored by the Anderson County Emergency Communications Office. The Defendant stated that it was unclear whether these audio recordings were produced in response to the subpoena *duces tecum* issued on August 24, 2009 [Doc. 22] or in response to an earlier written request that the Defendant had mailed directly to the Communications Office. The Court observed, and the parties agreed, that regardless of what spurred the production of the recordings, they contain public information and were available to both the Defendant and the government without the necessity of a subpoena. Because nothing was produced pursuant to any of the subpoenas *duces tecum* that the government seeks to quash [Doc. 22 and Doc. 24], the Court makes an initial finding that the issuance of the subpoenas did not unfairly prejudice the government's case nor did it harm the government in any way.

In addition, the Court finds that the instructions for production written by the Defendant in the challenged subpoenas improperly commanded the subpoenaed witnesses to produce documents and audio recordings at the office of defense counsel in advance of the suppression hearing. The Court finds that the command to produce materials at a private law office, instead of before the Court, is contrary to Fed. R. Crim. P. 17(c)(1). Rule 17 governs subpoena *duces tecum* procedure:

> "(1) A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items *in court* before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> (2) On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive" (emphasis added).

The Rule clearly contemplates that production of documents and objects from a subpoenaed witness should occur before the Court, and not at a location designated by a party to the case. Therefore, the Court finds that the government's motion is well-taken. The Court does not reach the question of whether the requests for production of specific documents and audio recordings are unreasonable or oppressive. See Fed. R. Crim. P. 17(c)(2); United States v. Nixon, 418 U.S. 683, 698 (1974). Accordingly, the Court **GRANTS** the government's Motion to Quash Subpoenas **[Doc. 25]**.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

3