UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-72 |
| | ) | (VARLAN/SHIRLEY) |
| DAVID W. SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant David W. Sharp is charged in a single-count Indictment [Doc. 1] alleging that he did knowingly, intentionally, and without authority possess with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Defendant filed a Motion to Suppress [Doc. 11], in which he argues that there was no legal basis for the police officers who arrested him to search his vehicle, or to detain him at the scene of his arrest until a drug dog could be brought to investigate the vehicle [*Id.*]. The government filed a Response to Defendant's Motion to Suppress opposing this motion [Doc. 14].

Magistrate Judge C. Clifford Shirley, Jr. held a suppression hearing on September 4, 2009 [Doc. 28].[1] On October 21, 2009, Judge Shirley filed a 23-page Report and

---

[1] Paula Voss was originally appointed to represent defendant [Doc. 5]. She filed the motion to suppress on defendant's behalf [*see* Doc. 4]. Philip Lomonaco was substituted for Ms. Voss on August 6, 2009 [Doc. 12]. Mr. Lomonaco appeared on defendant's behalf at the suppression hearing [Doc. 28].

Recommendation ("R&R") [Doc. 32] in which he recommended that the motion to suppress be denied. Defendant filed an Objection to the Report and Recommendation Denying Defendant's Suppression Motion [Doc. 33 and the government filed a response to defendant's objection [Doc. 34]. This matter is before the Court on that objection.

Defendant advanced two legal theories at his suppression hearing for suppressing the evidence in this case.[2] First, defendant argued that witness testimony proved that police officers searched his car to some degree prior to the dog sniff that took place after his arrest, and that this search violated the Fourth Amendment because it was not a valid search incident to arrest under *Arizona v. Gant*, 129 S. Ct. 1710 (2009) [Doc. 32]. Second, defendant argued that the dog sniff performed on his vehicle was not conducted properly, and therefore could not have provided lawful probable cause to justify a search of that vehicle pursuant to the automobile exception to the warrant requirement of the Fourth Amendment [*Id.*]. As noted, Judge Shirley recommended that this Court reject both arguments [*Id.*].

Defendant raises no objection to Judge Shirley's recommendation that defendant's second argument be rejected [*see* Doc. 33]. Defendant objects only to Judge Shirley's recommendation that defendant's first argument be rejected [*Id.*]. He does so on four grounds. First, defendant argues that Judge Shirley should have given more weight to the fact that two of the three officers who testified at the suppression hearing were not present when the arresting officer allegedly searched defendant's vehicle [*Id.*]. Second, defendant

---

[2]Judge Shirley noted in his R&R that, at the suppression hearing, defendant offered a somewhat modified version of the argument he raised in his motion to suppress [*see* Doc. 32].

argues that the arresting officer's remarks as captured by a 911 audio recording belied his testimony at the suppression hearing that he did not search defendant's vehicle prior to the arrival of the drug dog [*Id.*]. Third, defendant argues that the arresting officer's testimony at a preliminary hearing held in the General Sessions Court of Anderson County, Tennessee on April 9, 2008 evinced his belief that the law permitted him to search defendant's vehicle prior to the arrival of the drug dog [*Id.*]. Fourth, and finally, defendant argues that the arresting officer's antagonistic relationship with defendant renders the arresting officer's testimony unreliable [*Id.*]. The Court considers each of these arguments in turn.

I.   **Presence or Absence of Testifying Officers**

Defendant first argues that Judge Shirley's recommendation be rejected because neither Assistant Chief of Police Greg Woods, nor K-9 Deputy Jonathan Acker, both of whom testified at the suppression hearing, was present when the arresting officer, Mike Nations, allegedly searched defendant's vehicle [Doc. 33]. In support of this argument, defendant points to Assistant Chief Woods's testimony at the suppression hearing that "he did not see the entire incident," and that "he inexplicably remained some distance away from" the location of defendant's arrest [*Id.*]. Defendant also points to Deputy Acker's testimony at the suppression hearing that "he did not arrive until sometime well after" Officer Nations made the arrest, and the fact that he "was unable to testify as to what actions Officer Nations first took at the scene of the traffic stop" [*Id.*].

Defendant's argument is misplaced. Judge Shirley considered Deputy Acker's testimony that, when he arrived at the scene of the arrest to have the drug dog conduct a drug

sniff, "the doors of defendant's vehicle were closed as were the trunk and the hood" [Doc. 32]. Judge Shirley also noted Assistant Chief Woods's testimony that, when he parked near the scene of the arrest, "he observed that the doors and the hood of the [d]efendant's vehicle were closed" [*Id.*]. Judge Shirley based his determination that no search occurred on the combination of testimony provided by Deputy Acker, Assistant Chief Woods, and Officer Nations [*Id.*]. He weighed this testimony against the testimony of Ms. Martha Braden, an eyewitness, and found the former to be more credible [*Id.*]. This Court sees no reason to second-guess that credibility determination. Accordingly, the Court rejects defendant's first argument.

## II.     911 Audio Recording

Defendant next argues that Judge Shirley's recommendation be rejected because Officer Nations's remarks as captured by a 911 audio recording belie his testimony at the suppression hearing that he did not search defendant's vehicle prior to the arrival of the drug dog [Doc. 33]. Defendant points specifically to Officer Nations's remarks to a police dispatcher that "We got an arrest warrant for the guy so we'll be able to search the vehicle anyway" [even if a K-9 unit were not available], and "I already had [defendant] in custody on some ol' bull**** phone harassment. I said you mind if I go through your car? Naw, I don't want you to. I just thought I would ask and be nice, man, I'm going through it anyway . . . ." [*Id.*]. Defendant argues that these statements contradict Officer Nations's testimony that he neither intended to search defendant's vehicle, nor actually searched defendant's vehicle, prior to the arrival of the K-9 unit [*Id.*].

4

Judge Shirley properly considered, and rejected, this argument in his R&R. Judge Shirley noted that the defendant played the portions of the 911 audio recording just discussed at the suppression hearing [Doc. 32]. Judge Shirley also noted that Officer Nations "testified that he was interested in finding drugs on the [d]efendant if it happened during a valid arrest pursuant to a warrant" [*Id.*]. Judge Shirley explained, however, that the cross-examination of Officer Nations established "at most that Nations believed that the [d]efendant was likely to have drugs in his vehicle," and that "Nations wanted to arrest the [d]efendant on the outstanding telephone harassment warrant in part because he wanted to gain an opportunity to see if the [d]efendant was in possession of illegal drugs" [*Id.*]. After considering all of the available evidence, Judge Shirley concluded that the defendant "was not able to persuasively establish that any of the police officers had a motive to lie," and that "Nations's belief that the [d]efendant might have drugs and his motivation to execute the arrest warrant do not cast doubt on his testimony" [*Id.*]. As with the credibility determination just discussed, this Court sees no reason to second-guess this credibility determination either. Accordingly, the Court rejects defendant's second argument.

### III. Preliminary Hearing Testimony

Defendant next argues that Judge Shirley's recommendation be rejected because Officer Nations's testimony at a preliminary hearing held in the General Sessions Court of Anderson County, Tennessee on April 9, 2008 evinced his belief that the law permitted him to search defendant's vehicle prior to the arrival of the drug dog [Doc. 33]. Defendant points specifically to Officer Nations's remarks at the preliminary hearing that he "advised

5

[defendant] that [he] really didn't need permission, [the search was] incident to arrest," and that he "would have had to conduct an inventory [search] anyway" [*Id.*]. Defendant argues that this testimony demonstrates that Officer Nations believed he had the legal authority to conduct a search [*Id.*]. He argues further that Officer Nations's testimony changed when he appeared at the suppression hearing because, by that time, he understood that he did not have legal authority to conduct a search on the bases he had previously identified [*Id.*].

The R&R does not mention Officer Nations's testimony at this preliminary hearing. This testimony is consistent, however, with Officer Nations's remarks on the 911 audio recording, which defendant argues demonstrate Nations's belief that he had the legal authority to search the defendant's vehicle prior to the arrival of the drug dog. Judge Shirley credited Officer Nations's contrary testimony at the suppression hearing that "he did not approach the [d]efendant's vehicle because he was waiting for the arrival of a canine drug detection team and he did not want to 'contaminate' the vehicle," and that "he did not have probable cause to search the [d]efendant's vehicle prior to [the drug dog's] alert" [*Id.*]. This Court rejects defendant's arguments for the same reason it rejects defendant's arguments as to the 911 audio recording: because Judge Shirley, after considering all of the evidence, explicitly found that Officer Nations's "motivation to execute the arrest warrant do[es] not cast doubt on his testimony" [*Id.*]. Accordingly, the Court rejects defendant's third argument.

## IV. Officer Nations's Relationship with Defendant

Finally, defendant argues that Judge Shirley's recommendation be rejected because Officer Nations's antagonistic relationship with defendant renders Officer Nations's testimony unreliable [Doc. 33]. In support of this argument, defendant points to Officer Nations's remarks on the 911 audio recording referring to defendant as "Ol bugger Sharp," and to the fact that Officer Nations "liked to bury him" [*Id.*]. Defendant argues that Officer Nations's prior relationship with defendant, as evinced by these audio excerpts, should have led Judge Shirley to discount Officer Nations's testimony [*Id.*]. Defendant bases this argument on Judge Shirley's decision to discount Ms. Braden's testimony because the government established on cross-examination "that she may have had some cause to oppose the testimony given by the police officers, particularly Officer Nations" [Doc. 32].

Here again, the defendant asks this Court to overturn Judge Shirley's credibility determination. On cross-examination of Ms. Braden, the government established that on a prior occasion "Officer Nations had beaten her twenty-year-old son with a blackjack"; that "she had known the [d]efendant for three or four years prior to his arrest in her driveway"; that the defendant "was a friend of her husband," and "had probably been to her home on more than 50 occasions"; and that "police operations had frequently been carried out at her home and on her property" [*Id.*]. Judge Shirley weighed her testimony, along with the potential bias underlying that testimony, against the generally consistent testimony of Deputy Acker, Assistant Chief Woods, and Officer Nations. Judge Shirley ultimately concluded that Ms. Braden "was effectively impeached"; that "her testimony was less credible than the

7

testimony given by the police officers"; and that her "factual assertions did not overcome the contrary factual assertions made by the police officers" [*Id.*]. Judge Shirley was under no additional obligation, as defendant argues, to discredit Officer Nations's testimony because of his prior relationship with the defendant. That is particularly so where, as here, evidence of Ms. Braden's bias against Officer Nations appears to outweigh evidence of Officer Nations's bias against the defendant. Accordingly, the Court rejects defendant's fourth and final argument.

Defendant's objections, at bottom, all concern Judge Shirley's credibility determination as to each of the testifying witnesses. Defendant has offered no reason for this Court to disturb those credibility determinations.

Accordingly, the Court hereby **OVERRULES** defendant's Objection to the Report and Recommendation Denying Defendant's Suppression Motion [Doc. 33]. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 34]. Defendant's Motion to Suppress [Doc. 11] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE