IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-72 |
| | ) | |
| DAVID W. SHARP, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Defendant's *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 51], filed on August 31, 2010, is before this Court upon the September 8, 2010 referral [Doc. 53] of the District Court. The Defendant's judgment [Doc. 54] was entered on September 13, 2010, and the Defendant filed two *pro se* Notices of Appeal [Docs. 50 and 52] on August 31, 2010, and September 2, 2010. In the present application, the Defendant asks to proceed without payment of fees or costs because he is unable to pay them. In this respect, he states that he is presently incarcerated at the Blount County Jail and has no income, assets, expenses, dependents, or debts. He declares this information to be true upon penalty of perjury.

By way of background for its ruling, the Court observes that Assistant Federal Community Defender Paula R. Voss was initially appointed to represent the Defendant at his June 29, 2009 initial appearance and arraignment. At that time, the undersigned accepted the Defendant's financial affidavit and found that he qualified for appointed counsel. The Defendant was also detained pending his trial at that time. On August 7, 2009, the Court substituted [Doc. 13] retained Attorney A. Philip Lomonaco to represent the Defendant. Mr. Lomonaco represented the Defendant

from that time through the trial and sentencing hearing. Nothing in the record indicates that Mr. Lomonaco has filed a motion to withdraw or has been given leave to withdraw, as is generally required by Local Rule 83.4(e) and (f). Moreover, pursuant to the Sixth Circuit's rules, it appears that Mr. Lomonaco must continue to represent the Defendant unless and until relieved of his representation by the Sixth Circuit now that the Defendant has filed a Notice of Appeal:

> Trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by the Court.

U.S.Ct.of App. 6th Cir. R. 101(a). Thus, pursuant to Local Rule 83.4(c), the Defendant should not have filed the present application *pro se* because he is represented by counsel. Nevertheless, in the interest of justice, the Court will consider the Defendant's application along with the information contained in his Notices of Appeal.

The Federal Rules of Appellate Procedure provide that

> [a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(1) the District Court finds and certifies in writing that the appeal is not made in good faith or the party is no longer entitled to proceed in forma pauperis or (2) a statute directs that the party may not proceed in forma pauperis. Fed. R. App. P. 24(a)(3). In the present case, the Court found [Doc. 6], upon review of the Defendant's sworn Financial Affidavit, that the Defendant qualified for appointed counsel. Although the Defendant subsequently retained counsel, the Court observes that the Defendant has been continuously detained since this Court's initial finding of indigence and, thus, arguably would automatically be authorized to proceed in forma pauperis under Rule 24(a)(3).

Moreover, Rule 24 (a)(1) of the Rules of Appellate Procedure requires that parties

seeking to proceed in forma pauperis must file a motion in the district court with an attached affidavit that

>(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
>(B) claims an entitlement to redress; and
>
>(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The information in the instant application satisfies the detail required in part (A) with regard to the Defendant's financial status, although the Defendant has not filed the form that is set out in the Appendix of Forms.[1] The Defendant's *pro se* Notice of Appeal [Doc. 52] states that he is appealing the ruling on his Motion to Suppress, his final judgment, and his sentence. The Court finds that this general statement provides the basic information to satisfy parts (B) and (C). Thus, the Court finds that the Defendant qualifies to pursue his appeal in forma pauperis and his application [**Doc. 51**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court notes that Form 4 in the Appendix of Forms in the Rules of Appellate Procedure asks for financial information on the applicant and his spouse. Although the form used by the Defendant does not request information on a spouse's financial situation, the Defendant states that he does not have any dependents and that he does not have assets in someone else's name.