UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DAVID W. SHARP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:09-CR-72-TAV-CCS |
| | ) | 3:13-CV-694-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Pro se Petitioner, David W. Sharp ("Petitioner") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 70]. The government filed a response in opposition [Doc. 73], and Petitioner replied [Doc. 74]. Also before the Court is Petitioner's motion to amend his § 2255 motion [Doc. 76], and his Motion for Permission to Take Discovery [Doc. 77]. For the reasons discussed herein, the Court will deny all of Petitioner's pending motions [Docs. 70, 76, 77].

**I. Background**

On March 21, 2009, a narcotics-detection dog alerted to the presence of drugs after jumping inside Petitioner's vehicle during the course of a traffic stop. *United States v. Sharp*, 689 F.3d 616, 617 (6th Cir. 2012). A subsequent search of the vehicle uncovered 154 grams of methamphetamine, 10.5 grams of marijuana, and various drug paraphernalia inside a shaving kit on the passenger seat. *Id.* Petitioner was charged with possession with intent to distribute at least fifty grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) [Doc. 1].

Petitioner moved to suppress the drug evidence seized from his vehicle [Doc. 11]. After conducting an evidentiary hearing on the matter, the Honorable C. Clifford Shirley, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court deny the motion to suppress [Doc. 32]. Petitioner filed objections to the R&R [Doc. 33]. This Court overruled those objections and accepted Judge Shirley's recommendation to deny the motion to suppress [Doc. 35]. A jury subsequently convicted Petitioner as charged [Doc. 44].

Because Petitioner had a prior conviction for a felony drug offense, he faced an enhanced penalty range of ten years' to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) [Doc. 38; Presentence Investigation Report ("PSR") ¶ 102]. Due to his designation as a career offender, Petitioner also faced an advisory guidelines range of 360 months' to life imprisonment [PSR ¶¶ 21, 103]. After considering the 18 U.S.C. § 3553(a) factors, this Court sentenced Petitioner to 360 months' imprisonment [Doc. 54].

Petitioner appealed his conviction and sentence on the sole ground that this Court improperly denied his motion to suppress. *Sharp*, 689 F.3d at 618. The Sixth Circuit affirmed this Court's judgment, finding that "the canine's jump and subsequent sniff inside [Petitioner's] vehicle was not a search in violation of the Fourth Amendment because the jump was instinctive and not the product of police encouragement." *Id*. at 617.

Petitioner then sought a writ of certiorari, which the Supreme Court denied on December 4, 2012 [Doc. 68]. Almost a year later, this timely § 2255 motion followed [Doc. 70]. Petitioner then filed a motion for leave to amend his § 2255 motion [Doc. 76], and a Motion for Permission to Take Discovery [Doc. 77].

2

## II. Section 2255 Motion and Motion to Amend

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief pursuant to § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). In other words, a petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

In Petitioner's § 2255 motion, he asserts the following grounds for relief: (1) his conviction was based on inadmissible evidence due to a Fourth Amendment violation ("ground one"); (2) the application of the enhanced 21 U.S.C. § 841(b)(1)(B) penalties without a specific jury finding that Petitioner had the requisite prior felony drug offense violated his Fifth Amendment right to due process ("ground two") and his Sixth Amendment right to jury trial ("ground three"); and (3) ineffective assistance of counsel due to his counsel's failure to raise those Fourth, Fifth, and Sixth Amendment issues ("ground four"). In his motion to amend, Petitioner seeks leave to amend his § 2255 motion to add additional claims of ineffective assistance of counsel.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Relevant factors include

3

"undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

As discussed herein, the Court finds that Petitioner's proposed amendments are futile, and the Court will deny Petitioner's motion to amend. The Court will analyze the proposed amendments in conjunction with its discussion of Petitioner's original § 2255 motion. As such, the Court will first analyze whether Petitioner is entitled to relief under the first three grounds alleged in his § 2255 motion. The Court will then turn to ground four and will also address the new proposed allegations.

### A. Ground One: Fourth Amendment Violation

Petitioner contends that his conviction resulted from evidence obtained in violation of the Fourth Amendment. Specifically, Petitioner alleges that the use of the drug-detection dog to explore Petitioner's car "without a warrant . . . results in a constitutional violation of the Fourth Amendment's guarantee against unreasonable searches" [Doc. 71 p. 8]. He contends that, although "Officer Mike Nations conducted a lawful arrest pursuant to an arrest warrant for [Petitioner]," the use of the dog to explore Petitioner's car, which was "parked on private residential property," constituted an illegal search [*Id.*].

Petitioner previously and unsuccessfully appealed his conviction to the Sixth Circuit, on the ground that this Court denied his motion to suppress the search based on a drug dog's alert.[1]

---

[1] The Sixth Circuit affirmed this Court's denial of Petitioner's motion to suppress and found that: (1) the drug dog's "sniff"/alert was not a search under the Fourth Amendment; and (2) the officer's subsequent search following the alert was constitutional. *Sharp*, 689 F.3d at 620.

After the Sixth Circuit ruled on Petitioner's appeal, the Supreme Court decided the case of *Florida v. Jardines*, 133 S. Ct. 1409 (2013). Petitioner now contends that this subsequent Supreme Court ruling constitutes an intervening change in the law and provides him with the opportunity to relitigate his assertion that there was a Fourth Amendment violation [Doc. 71 pp. 3, 8–9].

In *Jardines*, the Supreme Court d a situation where officers used a drug-sniffing dog "in an area belonging to [the defendant] and immediately surrounding his house—in the curtilage of the house." 133 S. Ct. at 1414. The Supreme Court found that this constituted a search within the Fourth Amendment, basing its decision on the fact that this property was the defendant's home, a "constitutionally protected area," and that the officers had no implicit or explicit license to enter the premises with a drug dog for the purpose of conducting a search. *Id.* at 1415–16.

After *Jardines*, the Sixth Circuit decided *United States v. Winters*, 782 F.3d 289 (6th Cir. 2015), in which it held that "the central holding of *Jardines* does not impact the use of drug-detection dogs during lawful traffic stops." *Id.* at 305. The Sixth Circuit reasoned that the rationale applied in *Jardines* does not apply to "public thoroughfares." *Id.*

Petitioner contends that that the holding in *Jardines* mandates finding that there was a Fourth Amendment violation in this case because the drug-detection dog "physically intrud[ed] upon the private 'effects' of [Petitioner]"—i.e., his vehicle—while sniffing for drugs [Doc. 71 p. 9]. In *Jardines*, however, the Supreme Court's concern was with the officers' use of the dog for "gathering information in an area belonging to [the defendant] and immediately surrounding his house." 133 S. Ct. at 1414. Here, unlike in *Jardines*, the officers did not facilitate or encourage the drug dog to physically intrude upon Petitioner's property for the purpose of investigating a

5

crime. *See Sharp*, 689 F.3d at 620 ("The officers did not encourage or facilitate the dog's jump into the vehicle.").

In addition, *Jardines* is inapposite because the search on "residential property," as alleged by Petitioner, was not on Petitioner's property, at his residence, or on his curtilage. Rather, Petitioner's vehicle was in a driveway that he had pulled into, belonging to Mr. and Mrs. Braden [*See* Doc. 75-2; *see also* Doc. 11]. Therefore, Petitioner did not possess a heightened constitutional interest in the area searched, as in *Jardines*.

Furthermore, "an alert made by properly trained and reliable drug detection dog is sufficient to establish probable cause for the presence of a controlled substance." *Winters*, 782 F.3d at 304 (quoting *United States v. Stubblefield*, 682 F.3d 502, 507 (6th Cir. 2012)). Here, the drug sniff is not considered a search itself, and the officer had probable cause for the subsequent search after the drug dog alerted him to the presence of a controlled substance. *Sharp*, 689 F.3d at 620. Consequently, the Court finds that *Jardines* does not undermine the Sixth Circuit's previous decision in this matter, and Petitioner's first ground for relief based on an alleged Fourth Amendment violation is without merit.

### B.     Grounds Two and Three: Fifth and Sixth Amendment Violations

As to Petitioner's second and third grounds for relief, Petitioner asserts that he was denied his rights under the Fifth and Sixth Amendments when the Court, rather than a jury, made factual findings that enhanced his sentence. As the government notes in its brief, "the only fact which enhanced Petitioner's otherwise applicable statutory sentencing range under § 841(b)(1)(B) was the fact of his prior felony drug conviction" [Doc. 73 p. 7]. As an initial

6

Case 3:09-cr-00072-TAV-CCS   Document 85   Filed 03/31/17   Page 6 of 15   PageID #: 850

matter, the Court finds that Petitioner's claim is procedurally defaulted, as it could have been raised in his direct appeal.

Petitioner notes that his charges were for violating 21 U.S.C. § 841(a)(1) and (b)(1)(B), and he acknowledges that the government filed a notice of a prior felony conviction that annexes the penalty from five to forty years' imprisonment, to ten years' to life imprisonment [Doc. 71 p. 11]. Petitioner claims that this fact of a prior felony conviction was required to be submitted to a jury and proven beyond a reasonable doubt. In support of this contention, Petitioner cites to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was decided after his conviction [Doc. 71 p. 10; Doc. 74 pp. 3–6]. Petitioner fails to note, however, that *Alleyne* specifically excludes prior convictions from the facts that must be submitted to the jury. 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Furthermore, *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014); *Myrick v. United States*, Nos. 4:12-CV-26, 4:11-CR-13-02, 2015 WL 5514681, at *2 (E.D. Tenn. Sept. 16, 2015).

As such, the Court finds that Petitioner's reliance on *Alleyne* is misplaced and that his second and third alleged grounds for relief are without merit.

### C. Ground Four and Additional Proposed Amendments: Ineffective Assistance of Counsel

Lastly, Petitioner asserts that he is entitled to relief because his counsel rendered ineffective assistance. Petitioner submits a theory of ineffective assistance of counsel in his initial § 2255 and proposes three additional theories in his motion to amend.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See Huff v. United States*, 734 F.3d

7

600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (stating that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Petitioner's claim of ineffective assistance of counsel as alleged in his initial § 2255 motion arises from counsels' role in presenting the same arguments Petitioner alleges in grounds one, two, and three of his § 2255 motion, as previously discussed. Petitioner asserts that counsel should have presented proper case law to the Court, that counsel should have demonstrated "how and why the search (sniff) by the canine was a search as to [Petitioner's] vehicle," and that counsel should have shown that a jury needed to determine Petitioner's prior felony drug conviction [Doc. 74 pp. 9–10, 13].

8

As the Court has already noted, however, the Supreme Court did not decide *Jardines* until after Petitioner's appeal to the Sixth Circuit was complete, thus precluding counsel's ability to rely on the same. Further, as discussed herein, the case law provides that a drug-dog sniff is not a search of a vehicle. In addition, *Alleyne* affords Petitioner no relief inasmuch as it does not apply to prior convictions or to cases on collateral review. Accordingly, Petitioner's claims are without merit, and further, counsel's performance cannot be considered deficient for a failure to make unmeritorious claims or for failure to anticipate future Supreme Court rulings. Thus, Petitioner's claim of ineffective assistance of counsel as alleged in his initial § 2255 motion is without merit.

In Petitioner's motion to amend, he alleges the following additional failures of his counsel as grounds for ineffective assistance of counsel: (1) failure to "conduct a test"; (2) failure to call a material witness; and (3) failure to raise governmental misconduct for not turning over favorable *Brady* evidence. The Court will address the futility of these additional grounds in turn.

With regard to the first claim, Petitioner provides no information as to the nature or extent of any "test" he claims should have been conducted. Consequently, the Court finds that this claim is not sufficiently developed, and the Court is left to speculate as to what "test" Petitioner is referring. Accordingly, the Court finds that this claim is futile and that it does not provide a basis for Petitioner to amend his § 2255 motion.

Petitioner's second proposed ground for ineffective assistance, that counsel failed to call a material witness, is futile for similar reasons. Petitioner references counsel's failure to call an unnamed material witness, who allegedly saw Officer Nations "open the door, while Petitioner (Sharp) was legally parked, and handcuffed in Police Officer's vehicle; who is other than Ms. Martha Braden" [Doc. 76 p. 2]. The Court notes that Petitioner does not state who this witness

9

is, what this witness would actually testify to, where this witness was located, or why this witness was not called as a witness at the suppression hearing.

In addition, the Court notes that this same search issue is the gravamen of Petitioner's already filed § 2255 motion, and it was the subject of his suppression motion, suppression hearing, the R&R, this Court's Order and agreement with that R&R, and the subject of Petitioner's appeal to the Sixth Circuit—which affirmed this Court's ruling on the search. Curiously, Petitioner alleges he filed two affidavits, but he only filed one, by Ms. Martin Braden—his witness at the suppression hearing, whose credibility this Court discounted in the underlying matter [*See* Doc. 32 p. 13; Doc. 65].[2]

Furthermore, this Court previously accepted the testimony of three different officers as to the car doors being shut and the dog jumping through the car door window. This matter has been fully litigated, appealed, and ruled upon at three different levels. Accordingly, Petitioner's request to amend to relitigate this matter is neither timely, nor developed, nor merited. Further, Petitioner's argument is procedurally defaulted, as there is every indication, and no showing to the contrary, that this matter could have been, and arguably was, raised in his direct appeal. As such, the Court finds that Petitioner's second proposed additional claim of ineffective assistance is without merit and is, therefore, futile.

In Petitioner's third proposed claim of ineffective assistance, he alleges government misconduct in not turning over favorable *Brady* evidence. However, Petitioner's only allegation in support of this contention is the conclusory claim that "it was known that police officers did illegally search [Petitioner's] vehicle, after he was arrested and secured without probable cause

---

[2] The Court further notes that Ms. Braden's new affidavit is contradictory to her prior court testimony as to who allegedly opened the car door and when—only adding to her lack of credibility and the Court's lack of belief in her testimony regarding the alleged scenario.

letting the dog into the vehicle after opening the driver's side door" [Doc. 76 p. 2]. Not only is this argument a further reiteration of the same search-related issues raised in the underlying case and appeals, and in the initial § 2255 motion, but it also fails to even suggest, let alone show, what evidence was not turned over, what evidence was allegedly favorable, or what evidence could be deemed *Brady* material. As such, the Court finds that Petitioner's third proposed claim of ineffective assistance is without merit and is futile.

Further, as Petitioner notes in his motion to amend, an amendment is permissible "when new claims become available after the Petitioner files the Federal Petition" [Doc. 76 p. 2]. Despite this acknowledgment, Petitioner makes no showing to support that this additional information, or the factual bases for these claims, was unavailable at the time of his direct appeal. Accordingly, all of Petitioner's proposed additional claims are likely procedurally defaulted.

In sum, the Court finds that none of Petitioner's claims for relief in his original § 2255 motion, or in his proposed amendments, have merit. Consequently, the Court will deny Petitioner's § 2255 motion and his motion to amend.

**III. Discovery Motion and Request for an Evidentiary Hearing**

Petitioner also filed a motion requesting discovery and an evidentiary hearing. Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause. "Good cause does not exist when there is no 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Harvey v. United States*, No. 1:11-cr-24, 2012 WL 89492, at *5 (W.D. Ky. Jan. 9, 2017) (quoting *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir.

2004)) (other citations omitted). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Petitioner asserts that "discovery is required to answer remaining questions about serious irregularities in this case" [Doc. 77 p. 2]. He alleges that the government's presentation of "falsely tailored mired [sic] testimony is contradicted by the record, and records [it] withholds" [*Id.* at 3]. Further, Petitioner requests that Grand Jury Transcripts, *Jenks* material, and Officer Raw's notes be released [*Id.* at 4].

Petitioner further argues that there is a "sound basis" to dismiss the indictment and lists the following eleven errors that constitute ineffective assistance of counsel: (1) failing to properly utilize the federal record; (2) failing to allow use of the federal record for impeachment; (3) refusing to allow warranted cross-examination of police officers and prosecutor witnesses beyond the scope; (4) the prosecutor's use of illegal tactics to impeach the defense witness outside the issue; (5) ignoring the proper standard of review; (6) failure to consider the constitutional violations collectively; (7) blatantly misrepresenting prior statements and reports; (8) refusing to allow certain notes and reports and statements; (9) not turning over all of the photographs taken but not used; (10) not requesting and having transcribed police and radio communications; and (11) counsel's failure to conduct a test and call a material witness. Finally, Petitioner requests an evidentiary hearing so that he may prove his case.

The Court finds that Petitioner has not established good cause for his discovery request. First, Petitioner has not explained what the "serious irregularities" consist of and are based on, why he needs the grand jury transcripts and Officer Raw's notes, or what he contends that these records show. With respect to grand jury transcripts, "[i]n order for a court to lift the 'veil of secrecy' surrounding grand jury proceedings and grant disclosure of the transcripts of those

12

proceedings, a petitioner must demonstrate a particularized need that outweighs the general rule of grand jury secrecy." *Watson v. United States*, No. 3:01-CR-55-2-TAV-CCS, 2015 WL 519402, at *8 (E.D. Tenn. Feb. 9, 2015) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 220–23 (1979)). Petitioner has not made such a showing. Nor has he offered any evidence to support his claim of the alleged "prosecution's proven failure to disclose evidence," or that the prosecution "committed countless major Constitutional violations."

Petitioner's claims of "irregularities" and misconduct again relate to his allegations regarding the search of his vehicle and the prosecution's alleged presentation of "false testimony that is contradictory to what Officer Nations did prior to the dog sniff search." Again, Petitioner seeks to relitigate these same issues. As with Petitioner's § 2255 motion and his motion to amend, this Court finds that Petitioner's arguments in favor of discovery are unsupported, conclusory, and unmerited.

For example, Petitioner lists "The Scene Photographs" as a heading in his brief, but he never mentions them except to note that the drug dog did not take any. Photographs were admitted at the suppression hearing, and Chief Officer Woods testified that they were taken after the dog sniff and the search. Petitioner continues to imply that the photos indicate otherwise, but Petitioner offered no contrary proof as to when they were taken during the suppression hearing, and he offers no contrary proof now. Petitioner notes, "Officer Nations recorded audio communications belie his testimony," but those audio communications were specifically introduced at the suppression hearing, and the Court ultimately decided against Petitioner's position. In both instances, these matters were the subject of the R&R, this Court's Order affirming the same, and the Sixth Circuit's affirming opinion.

13

The allegations of ineffectiveness and listing of alleged errors [Doc. 77 p. 5] are not proper subjects of this discovery motion. However, they may be disposed of in relatively short order. First, virtually all of these allegations are stated in the most conclusory of terms and without any explanation, factual basis, support, or development. Second, most, if not all, appear to allege errors by the Court instead of defense counsel. Third, the allegations that have any specificity, or from which any specificity can be gleaned, appear to be false. For example, the Court is unaware of any disallowance of the federal record for impeachment. Defense counsel was allowed full cross examination of prosecution witnesses. No illegal tactics were used to impeach Petitioner's witness. The proper standard of review was used, not ignored. There were no constitutional violations to consider and there were no misrepresentations of prior statements or reports, or a refusal to allow them. As to Petitioner's allegations regarding the photographs, there was neither a showing that other photographs other than those admitted were taken but not used, nor that they would benefit Petitioner if they existed. The radio communications were elicited into evidence, and there is no explanation for what "test" should have been conducted or what material witness should have been called.

In sum, the Court finds that Petitioner has not shown good cause to grant his motion regarding discovery. As such, the Court will deny the request.

Considering Petitioner's request for an evidentiary hearing, under Rule 8 of the Rules Governing Section 2255 Proceedings in The United States District Courts, the Court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case conclusively demonstrate that a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court finds

14

that the record conclusively shows that Petitioner is not entitled to relief. As such, there is no need for an evidentiary hearing in this matter.

## IV. Conclusion

For the reasons discussed herein, Petitioner's motion to amend his § 2255 motion [Doc. 76], and his Motion for Permission to Take Discovery [Doc. 77] will be **DENIED**. In addition, Petitioner's 28 U.S.C. § 2255 motion [Doc. 70] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE