UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:09-CR-72-TAV-DCP |
| DAVID W. SHARP, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 90]. The United States has filed a response in opposition [Doc. 92]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

**I.  Background**

On January 20, 2010, a jury found defendant guilty of one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 44]. Defendant was sentenced to 360 months' imprisonment, to be followed by eight years of supervised release [Doc. 54].

Defendant is housed at FCI Beckley, which currently has zero (0) active cases of COVID-19 amongst the inmates, zero (0) active cases amongst the staff, and 191 staff and 991 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 28, 2021). Defendant is fifty-three (53) years old and medical records establish that he suffers from, among

other ailments, hyperlipidemia, GERD, and psoriasis [Doc. 93, p. 6]. Defendant has been vaccinated against COVID-19 [*Id.*, p. 56]. Defendant is scheduled for release on October 13, 2034. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 28, 2021).

**II.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense

2

or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others"

3

but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted his administrative remedies [Doc. 92]. Thus, the Court may consider the merits of defendant's request.

#### B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant contends that compassionate release is appropriate because his medical condition places him at greater risk from the ongoing COVID-19 pandemic. Specifically, defendant suffers from hyperlipidemia, GERD, and psoriasis. Defendant contends that the medication he takes for his psoriasis, Humira, is an immunosuppressant which places him at risk to COVID-19. The Court notes that defendant has also been fully vaccinated against COVID-19 [Doc. 93, p. 56].

The Court does not find defendant's generalized concerns about COVID-19 persuasive. Courts may rely on CDC guidance when considering a motion for compassionate release. *Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). The CDC has not identified GERD, hyperlipidemia, or psoriasis as conditions creating an increased risk of severe illness or death from COVID-19. People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. And while the CDC does recognize that being overweight is a potential risk factor, defendant's height and weight taken from his medical records indicate that he has a BMI of 29.6, which places him in the category of being overweight, but not obese. *Id.* "The risk of severe COVID-19 illnesses increases sharply with elevated BMI," and the Court finds defendant's slightly elevated BMI is not sufficient to grant compassionate release. *Id*. With respect to defendant's arguments regarding his immunosuppressant treatment, "the overwhelming majority of district courts across the country have determined that the use of Humira

5

medication by an inmate does not warrant a finding of an extraordinary and compelling reason for compassionate release." *United States v. Lee*, No. 98-CR-06212-RAR, 2021 U.S. Dist. LEXIS 72731, at *12 (S.D. Fla. Apr. 14, 2021) (listing cases).

In addition, while defendant does suffer from conditions which might place him at increased risk from COVID-19, defendant has also been vaccinated. Although vaccinations may not provide perfect protection from COVID-19, they are among the best known methods of preventing infection and severe complications from the disease. CDC Real-World Study Confirms Protective Benefits of mRNA COVID-19 Vaccines, Ctrs. for Disease Control & Prevention (Mar. 29, 2021), https://bit.ly/2QOfr2A ("COVID-19 vaccines are highly effective in preventing SARS-CoV-2 infections in real-world conditions among . . . groups [that] are more likely than the general population to be exposed to the virus."); Vaccine Effectiveness, Ctrs. for Disease Control & Prevention (May 10, 2021), https://bit.ly/34STqU1 (recognizing that "no vaccine is 100% effective," but observing that vaccines "are effective at preventing COVID-19" or developing severe illness in "real world conditions."). The CDC estimates that two doses of the Moderna vaccine or the Pfizer vaccine reduce the chances of infection by over 90 percent. *Id*.

Finally, as the Court noted above, 191 staff and 991 inmates in the facility where defendant is housed have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 28, 2021). The Bureau of Prisons' ongoing vaccination efforts further diminish the risk defendant faces from COVID-19. With all of the above in mind, the Court finds that because defendant is

6

vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 U.S. Dist. LEXIS 20421, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Nor is defendant's medical condition so severe as to otherwise constitute extraordinary and compelling reasons. Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

### IV. Appointment of Counsel

Defendant also asks the Court to appoint counsel to assist him with compassionate release litigation [Doc. 90, p. 6]. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist defendants, in appropriate cases, with compassionate release motions. In light of that fact, defendant's request to appoint counsel will be **DENIED as moot**.

### V. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 90] is **DENIED.** His request for the appointment of counsel [Doc. 90] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE