UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:09-CR-72-TAV-DCP-1 |
| DAVID W. SHARP, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's counseled motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 101]. The government has responded [Doc. 107] and defendant has replied [Doc. 109]. For the reasons set forth more fully below, defendant's motion for compassionate release [Doc. 101] is **GRANTED**.

**I.  Background**

On January 20, 2010, a jury found defendant guilty of one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 44]. Defendant was sentenced to 360 months' imprisonment, to be followed by 8 years of supervised release [Doc. 54]. Defendant appealed his conviction [Doc. 52] and the Sixth Circuit affirmed [Doc. 65]. The Supreme Court subsequently denied a writ of certiorari [Doc. 68]. Defendant is scheduled for release on November 9, 2033. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 9, 2025).

**I.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

2

*Id.* Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 101].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

II.   **Analysis**

   A.   **Exhaustion**

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that the exhaustion requirement has been satisfied [Doc. 107, p. 2]. Accordingly, the Court will proceed to evaluate defendant's motion per the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024

WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6).

Although defendant raises several grounds as "extraordinary and compelling" grounds for relief under § 1B1.13, because the Court finds that defendant has established an extraordinary and compelling reason for relief under § 1B1.13(b)(3)(C), as discussed in detail *infra*, the Court need not address defendant's other grounds.

5

Regarding a defendant's family circumstances, the amended policy statement provides that the following may be extraordinary and compelling reasons for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. . . . .

U.S.S.G. § 1B1.13(b)(3). In his initial motion, defendant stated that both his mother and his father were suffering from significant health challenges and needed assistance, and he was the only available caregiver [Doc. 101]. Unfortunately, since the filing of his initial motion, defendant's father has passed away [Doc. 114, p. 2]. The Court's analysis under § 1B1.13(b)(3), therefore, will be limited to whether defendant has shown that his mother is incapacitated and that he is the only available caregiver for his mother.

"Incapacitation" within the meaning of § 1B1.13(b)(3) typically means that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *See United States v. Steele*, No. 1:20-cr-13-4, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) (quoting *United States v. Jones*, No. CR 13-252, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021)). Defendant alleges that his mother

6

has had surgery to have stents implanted in her heart, and suffers from other heart-related conditions, including atrial fibrillation and congestive heart failure, and these issues severely limit her ability to walk or drive [Doc. 101, pp. 16–17]. Medical records confirm that defendant's mother suffers from coronary artery disease, chronic diastolic heart failure, paroxysmal atrial fibrillation, along with several other conditions [Sealed Doc. 103, p. 2]. Additionally, a letter from defendant's mother's healthcare provider indicates that her conditions "make it hard for her to complete her activities of daily living" [*Id.* at 1]. In a supplemental letter, after the death of defendant's father, defendant's mother stated that she "need[s] someone with [her] at all times" due to her health problems [Doc. 115, p. 1]. And, notably, the government acknowledges that "[t]he Court could plausibly find that one or both of [defendant's] parents require assistance with some activities of daily living" [Doc. 107, p. 7]. On this record, the Court finds that defendant has established that his mother is incapacitated within the meaning of § 1B1.13(b)(3).

Turning to whether defendant is the only available caregiver for his mother, in his motion, defendant states that, as his parents' only child, he is their only available caregiver [Doc. 101, p. 16]. In her first letter, defendant's mother notes several family relations that are unable to assist in caring for her, including a great-granddaughter who "ran away" and lives in Ohio, and two grandchildren that have no contact with defendant's mother [Doc. 101-3, p. 1]. She states that defendant "is the only family we have" [*Id.* at 2]. In its response, the government notes that a number of relatives submitted letters in support of defendant's release, and suggests that, in light of this, the Court could find that defendant

7

is not the only available caregiver [Doc. 107, p. 7].  But, in his reply, defendant states that these other relatives are his distant cousins who reside in South Carolina, and therefore, are not potential caregivers [Doc. 109, pp. 3–4].  On this record, the Court finds that defendant has adequately shown that he is the only available caregiver to his mother, who is incapacitated.

Accordingly, the Court finds that defendant has established extraordinary and compelling grounds for release under § 1B1.13(b)(3).  The Court now turns to the § 3553(a) factors.

### C.     Section 3553(a) Factors

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2).  18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011).  To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims.  18 U.S.C. § 3553(a).

Considering the § 3553(a) factors in light of defendant's instant motion, the Court, after due consideration, finds that the balance of these factors do not preclude the granting of compassionate release.  The Court has considered the nature and circumstances of the defendant's offenses and defendant's history and characteristics, including the defendant's personal characteristics, criminal history, and post-sentencing conduct.  The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.  The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.

The Court recognizes the seriousness of this conduct.  Moreover, the Court notes the seriousness of defendant's criminal history.  At the sentencing hearing in this case, the Court stated:

> The Defendant does have an extremely lengthy criminal history, with his first contact with the criminal justice system beginning at the age of 16.
>
> Since that time, by the Court's counting, he has been arrested approximately 50 times, having been charged with 63 misdemeanors.  He has 26 misdemeanor convictions.  Of his misdemeanor charges, 32 were drug related and five were violent.
>
> He's been charged with 12 felonies, nine of which were drug-related and has sustained ten felony convictions . . . .

> . . . And, unfortunately for this defendant, his criminal history does represent
> him as a long-time drug dealer, resulting in a criminal history category of six.

[Doc. 60, pp. 9–10]. But the Court also notes that it sentenced defendant in November 2010, nearly 15 years ago. And since that time, defendant has been removed from access to drugs, and has completed some drug education [Doc. 101-2, p. 11]. Moreover, defendant has received only two disciplinary sanctions while incarcerated, one for fighting in 2021, and one for making copies of non-legal materials in 2012 [*Id.* at 8]. Together, these facts indicate that, if defendant can maintain his sobriety, he has the capacity to be a successful law-abiding citizen.

The Court also notes that, while incarcerated, defendant has completed approximately 3,000 hours of educational or vocational courses, including 2,720 hours of an upholstery apprenticeship, and has worked for UNICOR [*Id.* at 3, 9]. These rehabilitative efforts are compelling and suggest that defendant is motivated to become a productive, law-abiding citizen upon his release.

Moreover, while defendant has served only a portion of his total sentence at this juncture, he has served a significant amount of time incarcerated for this offense—over 16 years (or approximately 194 months). And, as the Sixth Circuit has acknowledged, "the amount of time served is relevant to several § 3553(a) factors." *United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021).

Significantly, the Court also notes that defendant will remain subject to an 8-year term of supervised release [*See* Doc. 54]. During this time, he will be required to comply with a number of conditions, including participating in a program for the testing and

10

Case 3:09-cr-00072-TAV-DCP    Document 116    Filed 06/10/25    Page 10 of 11
PageID #: 1102

treatment of drug and/or alcohol abuse [*Id.* at 4]. It is imperative that defendant comply with all conditions of supervised release, including remaining drug-free, abstaining from other criminal activity, and complying with all instructions of the probation officer. The Court would impress upon defendant that, failure to comply with the requirements of supervised release may result in revocation of his supervised release and further incarceration.

Ultimately, having considered the relevant § 3553(a) factors and the record before it, the Court finds that these factors support defendant's compassionate release. The exhaustion requirement has been satisfied, an extraordinary and compelling reason exists, and the applicable § 3553(a) factors support compassionate release; therefore, the Court finds compassionate release to be appropriate. Defendant's motion for compassionate release [Doc. 101] is hereby **GRANTED**.

### III. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 101] is **GRANTED** and defendant's sentence is **REDUCED** to **time served**. Except as otherwise provided in this order, all provisions of the judgment dated September 13, 2010 [Doc. 54] shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE